IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-30,768-05






EX PARTE WILLIAM EARL DOYLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22126 IN THE 3
RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault of a
correctional officer and sentenced to twenty-five years' imprisonment. His sentence was ordered to run
consecutively with a previous fifteen-year sentence for possession with intent to deliver a controlled
substance. 

 Applicant contends, inter alia, that he is being denied credit for time served on his twenty-five year
sentence. Applicant alleges that he was approved for parole release on the fifteen-year sentence prior to
his sentencing for this offense, and that he should therefore be credited for all the time he has served since
the date of his conviction. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division, to file affidavits listing Applicant's sentence begin date for this cause, and the amount of credit he
is receiving for time served on this conviction. The affidavits shall also state whether Applicant has ever
been approved for parole release on cause number F90-45355-IK from Dallas County, and if so the dates
upon which he was approved for parole and upon which his parole was revoked. The affidavits shall state
whether any of Applicant's convictions are being treated as "3g" offenses for purposes of parole and/or
mandatory supervision eligibility. Finally, the affidavits shall indicate whether or not Applicant has submitted
his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc.
Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly exhausted his
administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial court shall then
make findings as to whether Applicant is receiving the proper amount of time credit for his time served on
this cause, and as to whether Applicant's eligibility for parole and/or mandatory supervision is being
properly calculated by TDCJ. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: February 13, 2008

Do not publish